TRACY HOPE DAVIS
United States Trustee for Region 17
U.S. DEPARTMENT OF JUSTICE
Office of the United States Trustee
1301 Clay Street, Suite 690N
Oakland, California 94612-5231
Email: maggie.mcgee@usdoj.gov
Telephone: (510) 637-3200
By:  BARBARA A. MATTHEWS (SBN 195084)
     Assistant U.S. Trustee
     MARGARET H. MCGEE (SBN 142722)
     Trial Attorney

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>DANIEL T. MARKS and NORMA A. MARKS<br><br>                                 Debtor(s) | Case No.13-43929 MEH<br><br>Chapter 7<br><br>Time: April 24, 2014<br>Date:  10:30 a.m.<br>Place: Room 215, 1300 Clay St.,<br>Oakland, Ca. 94612 |

### U.S. TRUSTEE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. § 727(B)(2) AND (3)

Tracy Hope Davis, the U.S. Trustee for Region 17 ("U.S. Trustee") hereby submits this Memorandum of Points and Authorities in Support of Motion to Dismiss Case Pursuant to 11 U.S.C. § 707(b)(3) on the grounds that the totality of the circumstances warrant dismissal of the case and the case was filed in bad faith. In support thereof, the U.S. Trustee states as follows:

### STATUTORY STANDARDS

1.   This Court has jurisdiction over the Motion, pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157

1

2. The statutory predicates for the relief requested herein are 11 U.S.C. § 707(b)(1) and (3) and Rule 1017(e) of the Federal Rules of Bankruptcy Procedure.

3. Pursuant to 28 U.S.C. § 586(a)(3) and (5), the U.S. Trustee shall "[s]upervise the administration of cases … [and shall] perform the duties prescribed for the United States trustee under title 11 and [title28], and such other duties consistent with title 11 and [title 28] as the Attorney General may prescribe."

## STATEMENT OF ISSUES TO BE DECIDED

Should a debtor's case be dismissed under the totality of the circumstances as provided under 11 U.S.C. §707(b)(3) or on the grounds of bad faith where the facts reveal that the debtor can pay a portion of the identified debts if the debtor's home was relinquished, the mortgage of which the debtor failed to pay for years while at the same time accruing general unsecured debt, where the debtors failed to respond to the U.S. Trustee's request for information and where the debtors filed three bankruptcy cases in three years.

## FACTS

Daniel and Norma Marks (the "Debtors") filed a chapter 13 case on July 10, 2013. (Dkt #1). That case was converted to one under chapter 7 on November 6, 2013. (Dkt #45). The Debtor previously filed a chapter 13 case in 2011 (case no. 11-44196) which was dismissed on April 24, 2012 and filed another chapter 13 case on September 20, 2012 which was dismissed on December 20, 2012 (case no. 12-47793). Debtors are married with two children ages sixteen and seven. (Dkt #1).

**Income and Expenses**

Debtor Husband works for Federal Express earning $11,796 monthly, with an expected raise in the future. (Dkt #1 at 25). Debtor wife earns $2,681 per month with an annual expected raise. *Id*. Together, the Debtors earn an annual salary of $173,724 and net $8,964.60 per month. (Dkt #1 at 25).

2

Debtors' largest stated expenses include their monthly mortgage of $4,242 per month and auto loan payments totaling $1,084 per month. (Dkt #1 at 26). They incur general household expenses consisting of electricity, water, sewer, phone, home maintenance, garbage, internet, cell phone, and alarm totaling $772 per month. Other larger expenses include food ($500 per month) and transportation ($600.00 per month). In addition to these expenses, the Debtors incur monthly expenses for clothing, laundry, medical and dental, recreation, charitable contributions, and insurance totaling $1,125 per month. The Debtors have a stated balance at the end of each month a total of $730.71.

**Assets and Liabilities**

Debtors own their primary residence located in Livermore, California which they value at $805,000 with secured liens totaling $787,319.33. (Dkt #1 at 12). The secured creditor, Wells Fargo Bank, through its counsel, has represented that the pre-petition arrearages equal $96,647.27. (Dkt #38 at 2:1-4). Debtors own four cars including: 1) a 1998 Acura Integra valued at $1,500; 2) a 1997 Cadillac Escalade valued at $30,000; 3) a 2008 Carson Titan Trailer valued at $8,000 and 4) a 2005 Nissan Murano valued at $8,115. (Dkt #1 at 15). Debtors have $83,000 in a retirement accounts. (Dkt #1). The Debtors purchased the trailer, the Nissan and the Cadillac in 2009 and 2010. (Dkt #1).

Debtors owe $9,000 on the Carson Titan Trailer, $14,000 on the 2005 Nisan Murano, and $28,000 on the 1997 Cadillac Escalade. Debtors owe $124,258.95 in general unsecured nonpriority debts, excluding the potential deficiency of a foreclosed property in Las Vegas. (Dkt #1 at 19-22). The debts identified on Schedule F consist primarily of credit card debt. *Id.*

Debtors have apparently paid their counsel, Quadra Day, PC a total of $5,040 for litigation services related to civil litigation pending in Alameda County. (Dkt #1 at 32). However, no lawsuit is identified on their Statement of Financial Affairs ("SoFA") in response to question number 4 which asks a debtor to identify lawsuits. *Id.* No funds are identified as having

3

been paid for bankruptcy services in response to question number 9 which requires a debtor to identify payments relating to bankruptcy services on their SoFA. However, Debtors' counsel filed a form 2016 statement indicating that she received $2,500 pre-petition and was owed $2,300.

The U.S. Trustee requested that the Debtors provide various documents by February 24, 2014 if they desired that the U.S. Trustee reconsider her intent to file a motion to dismiss the case. See Declaration of Maggie McGee in Support of Motion filed herewith. No response has been received. *Id.*

## DISCUSSION

### A. The Debtors Can Pay a Portion of Their Debts after Considering the Totality of the Circumstances.

Section 707(b)(1) of the Bankruptcy Code provides:

> After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter . . .

11 U.S.C. § 707(b)(1).

Section 707(b)(3) of the Bankruptcy Code states as follows:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -
>
> (A) whether the debtor filed the petition in bad faith; or
>
> (B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

11 U.S.C. § 707(b)(3).

In order to dismiss a case pursuant to 11 U.S.C. § 707(b), a court must find that the debts are primarily consumer debts, and that to grant the debtor's discharge would be an abuse of chapter 7. *In re Kelly*, 841 F.2d 908 (9th Cir. 1988). Section 101(8) of the Bankruptcy Code defines "consumer debt" as a debt incurred by an individual primarily for a personal, family, or household purpose. In this case, the Debtor marked the box on his petition marked "debts are primarily consumer debts . . .". Furthermore, the debts listed on Schedule F are credit card debts and a foreclosed mortgage on a formerly owned real property. Hence, the debts in this case are primarily consumer debts and section 707(b) applies in this case.

In interpreting section 707(b) prior to the enactment of Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the Ninth Circuit stated "[i]n determining whether a petition constitutes a substantial abuse of Chapter 7, we examine the totality of the circumstances, focusing principally on whether the debtor will have sufficient future disposable income to fund a Chapter 13 plan that would pay a substantial portion of his unsecured debt." *In re Hebbring*, 463 F.3d 902, 905 (9th Cir. 2006), *citing, In re Price*, 353 F.2d 1135, 1139-40 (9th Cir. 2004 and *In re Kelly,* 841 F.2d 908, 914 (9th Cir. 1988). The Ninth Circuit's decision in *Hebbring, Price and Kelly* are applicable under BAPCPA in determining totality of the circumstances, and the debtor's ability to pay his debt, e.g., through a chapter 13 plan, is a primary factor in determining a debtor's "current financial situation" under § 707(b)(3). *In re Pak*, 343 B.R. 239 (Bankr. N.D. Cal. 2006). Under § 707(b)(3) of BAPCPA, dismissal is warranted based upon "abuse," where the debtor has the ability to repay a portion of the unsecured debt even if a debtor's case does not constitute a presumption of abuse after making the calculations required in Form B22A ("Means Test Formula"). *In re Pak*, 343 B.R. 239 (Bankr. N.D. Cal. 2006).

5

While it is true that the debtors have filed three failed chapter 13 cases, the U.S. Trustee does not believe that the fact that the Debtors have filed three failed chapter 13 cases, in the past, means they cannot pay a portion of their debts now. Although the chapter 13 plan filed in the present case did not succeed because the large arrearages on their home could not be repaid over the requisite time period. If the Debtors relinquished their home the Debtors are able to pay a portion of their general unsecured debts.[1]

On the other hand, if the Debtors intend to keep their home they can likely only do so by obtaining a consensual modification of their mortgage, as the Debtors cannot modify the mortgage in the context of a bankruptcy case. § 1123(b)(5). In this scenario, the Debtor should obtain the modification if possible and, if the Debtors still need bankruptcy relief after the mortgage has been modified, then can seek bankruptcy relief at that time, either through a chapter 13 or a chapter 7 depending on the financial circumstances (if the case is not found to have been filed in bad faith).

**B.      The Debtors Case was Filed in Bad Faith and Should be Dismissed.**

The U.S. Trustee also seeks to dismiss the case on the grounds that the case was filed in bad faith. In *In re Leavitt*, 171 F.3d 1219 (9th Cir. 1999), the Ninth Circuit considered four factors in determining bad faith: 1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or filed his case in an inequitable manner; 2) the debtor's history of filing and dismissals; 3) whether the debtor only intended to defeat state court litigation; and 4) whether egregious behavior is present. *Id. at* 1224. Considering these factors, sufficient evidence exists to support a finding of bad faith in this case.

The Debtors have filed three cases in three years without confirming a chapter 13 plan. When they filed their present chapter 13 case, they identified excess income on Schedule I

---

[1] Presumably, by converting their case to one under chapter 7 they acknowledge that their home is no longer affordable.

6

Case: 13-43929    Doc# 79-1    Filed: 03/12/14    Entered: 03/12/14 18:36:42    Page 6 of 8

indicating they can pay a portion of their debts. (Dkt #1).  They then amended Schedule I to increase the amount they can pay while in a chapter 13 in order to show they could make the necessary payments. (Dkt. #25) .  However, at the same time, the Debtors filed a request to pay their filing fee in installments, indicating they had no excess income. (Dkt #s 4 and 8).  They also converted their case to chapter 7 after the chapter 13 plan could not be confirmed.  The Debtors are playing fast and loose with the facts of their financial circumstances in order to gain whatever advantage they can get in their bankruptcy case.  For this reason, their case should be dismissed on the grounds of bad faith.

Numerous additional factors are considered in determining whether a case has been filed in bad faith in addition to those cited above.  These factors include: 1) whether the debtor has a likelihood of sufficient future income to fund a chapter  11, 12, or 13 plan, which would pay a substantial portion of the unsecured allowed claims; 2) whether the debtor's petition was filed as a consequence of illness, disability, unemployment or some other calamity; 3) whether the schedules suggest the debtor obtained cash advances and consumer goods on credit exceeding his or her ability to repay them: 4) whether the debtor's proposed family budget is excessive or extravagant; 5) whether the debtor's statement of income and expenses is misrepresentative of the debtor's financial condition; 6) whether the debtor has engaged in eve of bankruptcy purchases.  *See In re Price* 353 F.3d 1135, 1140 (9th Cir. 2004) (applying factors in the context of a motion to dismiss under 11 U.S.C. § 707(b)); *In re Marshall*, 298 B.R. 670, 681 (Bankr. C.D. Ca. 2003) (addressing bad faith in the context of a chapter 11 case).

The Debtors are not treating their creditors equitably at present if they intend to keep a home which mortgage has not been paid in literally years, yet have accumulated significant unsecured debt during that same period of time.  The Debtors could have chosen to pay their general unsecured debts or at least accumulate some savings during the period when they failed to pay their mortgage.  Instead, they accumulated additional debt.  The Debtors have apparently

7

been living far beyond their means for years.  They have purchased numerous automobiles during a period when they allegedly suffered financial hardship.  The Debtors have also filed multiple cases and failed to respond to the U.S. Trustee's request for information.  For all of the foregoing reasons, the case should be dismissed on grounds of bad faith.

## CONCLUSION

Based on the above facts and law, the Acting U.S. Trustee requests that this case be dismissed for abuse pursuant to 11 U.S.C. § 707(b)(3).

Date:  March 12, 2014

                TRACY HOPE DAVIS
                UNITED STATES TRUSTEE

                <u>Margaret H. McGee</u>
                MARGARET H. MCGEE
                Trial Attorney
                Office of the United States Trustee

8